JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MINH MCREYNOLDS,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Respondent. | Case No. 2:25-cv-01362-MWC-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

**I.**

**BACKGROUND**

Joseph Minh McReynolds ("Petitioner") filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1) in the United States District Court for the District of Arizona. The Petition alleged that Petitioner was imprisoned pursuant to a conviction in U.S. District Court for the District of Arizona, case no. 2:18-cr-1170-GMS, and it challenged the Federal Bureau of Prison's ("BOP") calculation of time credits, arguing that Petitioner was entitled to an additional "235 days of presentence custody credits." (Id. at 1, 4.)

Petitioner signed the Petition and dated it January 23, 2025. (Id. at 9.) The

return mailing address listed on the Petition was the Federal Correctional Institution ("FCI") in Lompoc, California.  (Id. at 1.)

On February 11, 2025, the Arizona court transferred the Petition to this Court, the United States District Court for the Central District of California, because Petitioner was imprisoned within this district in California.  (Dkt. 4.)

On February 18, 2025, the Clerk of this Court issued a letter telling Petitioner to either (1) pay the filing fee of $5.00, or (2) file a request for leave to proceed without prepayment of the filing fee.  (Dkt. 6.)  The Clerk instructed Petitioner to do one of these things within thirty (30) days.  (Id.)  The Clerk sent this letter to Petitioner at FCI Lompoc.  (Id.)

On April 16, 2025, the Court noted that "Petitioner may not have received the Clerk's letter, because public records indicate that he was released from BOP custody before the letter was sent."  (Dkt. 9 at 2.)  The online BOP Inmate Locator indicated that Petitioner was released from custody on or around January 23, 2025.  (Id. (citing https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2025)).)  "On January 27, 2025, Petitioner filed a notice of change of address in his Arizona criminal case, which listed his mailing address as: 1122 Gardner Ave., Las Cruces, New Mexico, 88001."  (Id. (citing United States v. McReynolds, No. 2:18-cr-01170-GMS-1 (D. Ariz.) (notice at Dkt. 173)).)

The Court ordered the Clerk to update Petitioner's mailing address to the Las Cruces address listed above.  (Id.)  The Court also ordered Petitioner to (1) pay the $5 filing fee; (2) file a Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Form CV-60); or (3) file a Notice of Dismissal.  (Id.)  Petitioner was required to take one of these actions on or before May 16, 2025.  (Id.)  The Court informed Petitioner that "[f]ailure to timely respond to this order may result in dismissal of the Petition for lack of prosecution."  (Id.)

The Clerk was instructed to mail both the Court's order and the filing fee letter (Dkt. 6) to Petitioner's updated Las Cruces address.  (Id.)  On April 21, 2025,

2

an order referring the matter to the Magistrate Judge that was mailed to Petitioner at FCI Lompoc (Dkt. 8) was returned to the Court. (Dkt. 10.) No mail sent to the Las Cruces address has been returned.

As of the date of this order, the Court has not received any further filings from Petitioner.

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1] Local Rule 41-6 provides:

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

L.R. 41-6.

The Court has discretion to dismiss the action with or without prejudice.

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

1  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain
2  exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b)
3  "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court
4  provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without
5  prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal
6  with prejudice and default on counterclaims, for willful and inexcusable failure to
7  prosecute, are proper exercises of discretion under Federal Rules of Civil
8  Procedure 41(b), 16(f), and the inherent power of the court.").

9       In determining whether to dismiss a case for failure to prosecute or failure to
10 comply with court orders, the Ninth Circuit has instructed district courts to
11 consider the following five factors: (1) the public's interest in expeditious
12 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
13 prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the
14 public policy favoring disposition of cases on their merits. In re
15 Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir.
16 2006). The test is not "mechanical," but provides a "non-exhaustive list of things"
17 to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.
18 1998).

### III.
### DISCUSSION

21      Here, the first two factors favor dismissal. The first factor—the public's
22 interest in the expeditious resolution of litigation—"always favors dismissal."
23 Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—
24 the Court's need to manage its docket—favors dismissal here because Petitioner's
25 "noncompliance has caused [this] action to come to a complete halt, thereby
26 allowing [him] to control the pace of the docket rather than the Court." Id.
27 (internal quotations marks omitted).
28      The third factor—prejudice to Respondent—weighs in favor of dismissal,

1  although perhaps not as strongly as some of the other factors.  Because Petitioner
2  did not pay the appropriate filing fee, Respondent has never been served and has
3  not appeared in this action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
4  2002) ("We have previously recognized that pendency of a lawsuit is not
5  sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval,
6  No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL
7  6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who
8  had not yet been served).  On the other hand, a rebuttable presumption of prejudice
9  to the defendants arises when a plaintiff unreasonably delays prosecution of an
10 action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay
11 "inherently increases the risk that witnesses' memories will fade and evidence will
12 become stale."  Pagtalunan, 291 F.3d at 643.
13       The fourth factor—availability of less drastic sanctions—favors dismissal.
14 The Court's prior orders warned Petitioner that failure to respond might result in a
15 dismissal of this action.  (Dkt. 9.)   See Ferdik v. Bonzelet, 963 F.2d 1258, 1262
16 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the
17 court's order will result in dismissal can satisfy the 'consideration of alternatives'
18 requirement") (citation omitted).
19       The fifth factor—public policy favoring a disposition of an action on its
20 merits—arguably weighs against dismissal here.  Pagtalunan, 291 F.3d at 643.
21 However, the effect of this factor is somewhat mitigated by the fact that Petitioner
22 is no longer in federal custody.  (Dkt. 9 at 2.)
23       Given that the enumerated factors largely support dismissal, this action will
24 be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-
25 1.  Considering all of the circumstances, and in particular given that Petitioner is
26 proceeding pro se, the dismissal shall be without prejudice.
27
28

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice for failure to prosecute.

DATED: June 9, 2025

_____
MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE